NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHINWE N. ATUEGWU,<br><br>    *Plaintiff*,<br><br>v.<br><br>PORT AUTHORITY POLICE DEPARTMENT NEWARK INTERNATIONAL AIRPORT NEW JERSEY 07114,<br><br>    *Defendant*. | Civil Action No. 18-9230<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Chinwe N. Atuegwu seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** her application to proceed *in forma pauperis* but **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes her inability to pay, and the Court grants her application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who

is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

2

Plaintiff's Complaint states that she is asserting federal constitutional claims for false arrest, assault, defamation, and theft. Compl. at 2. Sections of Plaintiff's pleading, however, are entitled "Motion for Leave to Appeal." Plaintiff states that she seeks to appeal a guilty judgment from the municipal court in Elizabeth, New Jersey and includes municipal court filings from April 25, 2018. *See id.* at 7-9. The April 25, 2018 municipal court judgment addressed two separate incidents when Plaintiff was arrested at Newark Liberty International Airport. Plaintiff was first arrested on October 3, 2017 and charged with disorderly conduct, and was arrested again on December 13, 2017, and charged with disorderly conduct and resisting arrest. The October 3 incident resulted in a finding of guilty and the December 13 charges were dismissed. *Id.* at 8-9. Plaintiff maintains that she was not guilty and that the municipal court judge found her guilty to cover up the improper conduct of the arresting police officer. *Id.* at 7. It appears that Plaintiff is seeking to overturn her conviction through a Section 2254 *habeas corpus* claim. Such a claim does not appear to apply here given the fact that, among other things, Plaintiff is not in custody. *See Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) (stating that for a federal court to have jurisdiction over a Section 2254 claim "a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed").

Plaintiff's Complaint also appears to assert claims with respect to additional incidents that occurred on May 3, 2017 and July 10, 2017. On May 3, Plaintiff alleges that after she paid a bus fare, the bus driver told her that she needed to get off and wait for another bus. Port Authority Police Officers were summoned, asked Plaintiff to get off the bus, and requested identification. Plaintiff provided the police officers with her passport but refused to get off the bus. Plaintiff was arrested, "detained for some time," and eventually released. Plaintiff alleges, however, that her passport was never returned. Compl. at 10.

Next, Plaintiff alleges that on July 10 she was sitting in Terminal B at Newark Liberty International Airport. Plaintiff states that after Port Authority Police Officer Small told her to go downstairs, Plaintiff stood up and walked outside. Plaintiff alleges that Officer Small and three other officers followed her outside and were disturbing her. Plaintiff asserts that she proceeded to call 911 and while she was still on the phone, an ambulance pulled up. Plaintiff alleges that one of the officers pushed her into the ambulance and that she was taken to the psychiatric ward at Beth Israel hospital. During the ambulance ride, Plaintiff states that Officer Small took her phone, hung up on her conversation with the 911 dispatcher, and started to touch her breast. Finally, Plaintiff alleges that once at Beth Israel hospital, she was "diagnose[d] with false diagnoses." *Id.* at 11.

Plaintiff appears to assert claims against the Port Authority[1] pursuant to 42 U.S.C. § 1983, which provides individuals with a cause of action for certain violations of constitutional rights. To state claim under Section 1983, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015). A local governmental entity like the Port Authority is considered a "person" within the meaning of Section 1983. *See Peters v. Del. River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1352

---

[1] Plaintiff brings suit against the Port Authority Police Department of Newark International Airport. The Port Authority Police Department is not a proper party for a Section 1983 claim. *See, e.g., Godley v. Newark Police Dep't*, No. 05-806, 2007 WL 269815, at *3 (D.N.J. Jan. 26, 2007) (dismissing Section 1983 and tort claims against the Newark Police Department because it is "merely an administrative arm of the local municipality" and not an entity that was subject to suit) (quoting *Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004)). Because the Court must construe Plaintiff's complaint liberally, the Court will consider Plaintiff to be bringing claims against the Port Authority of New York and New Jersey (the "Port Authority"). The Court also notes that individual Port Authority Police Officers are mentioned in passing throughout the Complaint but that Plaintiff does not appear to assert claims against these officers.

4

(3d Cir. 1994). A local governmental entity, however, cannot be held liable under a theory of *respondeat superior*. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978). Instead, to hold such a defendant liable, a plaintiff must demonstrate that the violation of rights was caused by a municipal policy or custom. *Id.*

To state a claim based on a municipal policy or custom, a plaintiff must identify a policy or custom that "violates the Constitution or . . . while not unconstitutional itself, is the moving force behind the constitutional tort of one of its employees." *Id.* (quoting *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1027 (3d Cir. 1991)). In other words, a plaintiff must show that the local governmental entity affirmatively proclaimed a policy or acquiesced in a widespread custom that caused the constitutional violation. *Watson v. Abington Township*, 478 F.3d 144, 155-56 (3d Cir. 2007). A plaintiff may establish a custom "by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). In addition, "a custom requires 'knowledge and acquiescence' by the decisionmaker." *Hashem v. Hunterdon County*, No. 15-8585, 2016 WL 5539590, at *22 (D.N.J. Sept. 29, 2016) (quoting *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996)).

Here, Plaintiff does not appear to allege that the Port Authority had an official policy that was purportedly unconstitutional. Accordingly, Plaintiff's Complaint is best construed as stating a claim based on Port Authority police officers' custom of making false arrests or using excessive force. But even viewing the Complaint liberally, Plaintiff fails to sufficiently state a claim. Plaintiff pleads facts regarding four separate incidents, but these incidents are not enough to establish the existence of an entity-wide custom that was so well-settled and permanent that it constituted law. The four incidents are factually distinct and involve different officers. *See, e.g.,*

*Gaymon v. Esposito*, No. 11-4170, 2012 WL 1068750, at *7 (D.N.J. Mar. 29, 2012) (dismissing *Monell* claim because complaint where there was "no basis to infer that excessive force was used on anyone except the Decedent"). Moreover, Plaintiff does not suggest that any decisionmaker with the Port Authority was aware of such any custom of improper conduct by Port Authority police officers. *See Hashem*, 2016 WL 5539590, at *23. Accordingly, Plaintiff's claims against the Port Authority are dismissed.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). The Court lacks jurisdiction over Plaintiff's Complaint to the extent that Plaintiff is asking the Court to review the municipal court judgment. Accordingly, these claims are dismissed with prejudice because any amendment would be futile. But at this point, the Court cannot conclude that Plaintiff's remaining claims are futile. Therefore, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff is proceeding pursuant to a legal theory other than those discussed herein, she must set forth the basis for her claim and provide plausible factual allegations to support her claim. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against any present Defendant, concerning the allegations in the Complaint.

Accordingly, and for good cause shown,

IT IS on this 30th day of November, 2018,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff Chinwe N. Atuegwu's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is dismissed in its entirety; and it is further

**ORDERED** that Plaintiff's claims that can be construed as an appeal of the municipal court judgment are dismissed with prejudice and the remainder of Plaintiff's claims are dismissed without prejudice; and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above. Failure to file an amended complaint within this time will result in the entire case being dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff by certified mail return receipt.

*[signature]*
John Michael Vazquez, U.S.D.J.