# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHINWE N. ATUEGWU,<br><br>*Plaintiff,*<br><br>v.<br><br>PORT AUTHORITY POLICE DEPARTMENT NEWARK INTERNATIONAL AIRPORT NEW JERSEY 07114, *et al.*,<br><br>*Defendants.* | Civil Action No. 18-9230<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Chinwe N. Atuegwu seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. This Court previously granted her application to proceed *in forma pauperis* but dismissed her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because it failed to state any cognizable claims. D.E. 7. The Court provided Plaintiff with leave to file an amended complaint, which Plaintiff filed on January 22, 2019 (the "FAC"). D.E. 9.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply

the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

## A. Factual and Procedural Background

In the FAC, Plaintiff appears to assert new claims against five Port Authority police officers: Hetmanski, Ortiz, Small, Jersey, and Guninnig (collectively the "Officer Defendants").

2

FAC at 3. The FAC appears to assert a § 1983 false arrest claim against the Officer Defendants and torts claims for the intentional infliction of emotional distress, defamation, harassment, and assault.[1] *Id.* at 8-9.

Plaintiff's allegations involve alleged wrongdoing that occurred at Newark Liberty Airport on four separate dates: May 3, 2017; July 10, 2017; November 3, 2017; and December 14, 2017. On May 3, Plaintiff alleges that after she paid a bus fare, the bus driver told her that she needed to get off and wait for another bus. Port Authority police officers were summoned, asked Plaintiff to get off the bus, and requested identification. Plaintiff provided the police officers with her passport but refused to get off the bus. Plaintiff was arrested, "detained for some time," and eventually released. Plaintiff alleges, however, that her passport was never returned. FAC at 9.

Next, Plaintiff alleges that on July 10 she was sitting in Terminal B at Newark Liberty International Airport. Plaintiff states that after Officer Small told her to go downstairs, Plaintiff stood up and walked outside. Plaintiff alleges that Officer Small and three other officers followed her outside and were disturbing her. Plaintiff asserts that she proceeded to call 911 and, while she was on the phone, an ambulance pulled up. Plaintiff alleges that one of the officers pushed her into the ambulance and that she was taken to the psychiatric ward at Beth Israel Hospital.[2] During

---

[1] In the November 30, 2018 Opinion and Order, this Court dismissed claims that it construed as an appeal of a municipal court judgment, in addition to claims asserted against the Port Authority because Plaintiff failed to plead sufficient facts demonstrating the existence of a municipal policy or custom. *See* Nov. 30 Opinion, D.E. 7. Here, it appears that Plaintiff is attempting to appeal this Court's November 30, 2018 Opinion and Order. FAC at 9. If this is the case, Plaintiff must appeal the decision the Third Circuit. To the extent that Plaintiff is bringing a motion for reconsideration, it is denied because Plaintiff merely disagrees with the court's decision and fails to point to any change in the law, new evidence, or clear error that could necessitate reconsideration. *See Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, at *3 (D.N.J. July 30, 2015) (explaining that "courts in this District routinely deny motions for reconsideration that simply re-argue the original motion").

[2] The Court assumes that Plaintiff is referring to Newark Beth Israel Medical Center.

3

the ambulance ride, Plaintiff states that Officer Small took her phone, hung up on her conversation with the 911 dispatcher, and started to touch her breast. Finally, Plaintiff alleges that at Beth Israel Hospital, she was "diagnose[d] with false diagnoses." *Id.*

Finally, Plaintiff alleges that on November 3, Officer Ortiz approached Plaintiff while she was seated at a food court in Newark Liberty Airport and hit her on the bottom with a rod. Plaintiff pleads that she stood up and asked why Officer Ortiz hit her. Officer Ortiz, with the assistance of other unnamed officers, then proceeded pull Plaintiff down and arrest her. FAC at 13. Plaintiff alleges that a similar event occurred with Officer Hetmanski on December 14, 2017. *Id.* Namely, Plaintiff alleges that while she was in the food court, Officer Hetmanski held her against the wall forcibly by her shoulder. Plaintiff contends that she turned her head to ask Officer Hetmanski why he was touching her and that Officer Hetmanski then arrested Plaintiff. *Id.*

### B. Section 1983 Claim

Plaintiff appears to assert claims against the Officer Defendants[3] pursuant to 42 U.S.C. § 1983, which provides individuals with a cause of action for certain violations of constitutional rights. To state a claim under Section 1983, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015). Here, Plaintiff maintains that she was falsely arrested in violation of the Fourth Amendment.

---

[3] To the extent Plaintiff is still trying to assert claims against the Port Authority, her claims remain dismissed because Plaintiff fails to allege any facts that would support the existence of a municipal policy or custom. *See* Nov. 30 Opinion at 5-6 (citing *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978)).

4

"An arrest made without probable cause creates a cause of action for false arrest under 42 U.S.C. § 1983." *O'Connor v. City of Philadelphia*, 233 F. App'x 161, 164 (3d Cir. 2007) (citing *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988)). "Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002). In determining whether a police officer had probable cause to arrest, a court must review the totality of the circumstances of the events leading up to the arrest and must do so from the "standpoint of an objectively reasonable police officer[.]" *Id.* (citation omitted).

As pled, the FAC states a Section 1983 false arrest claim for each of the four incidents because for each incident, the FAC does not assert facts by which a reasonable person could conclude that Plaintiff committed any criminal activity. Thus, Plaintiff adequately *alleges*[4] that there was probable cause to arrest Plaintiff on any of the four dates discussed in the FAC. With respect to the May 3 incident, this conclusion is buttressed by the fact that the criminal charges asserted against Plaintiff were dismissed in municipal court. FAC at 10.

### C. Tort Claims

As for Plaintiff's tort claims, to plead a *prima facie* claim for intentional infliction of emotional distress under New Jersey law,[5] a plaintiff must establish that Defendants intended to cause emotional distress; that the conduct was extreme and outrageous; that the actions

---

[4] The Court emphasizes "alleges" because the Court must credit Plaintiff's proper factual allegations at this stage. However, because Plaintiff is proceeding *pro se*, the Court likewise emphasizes that the Court's ruling does not mean that Plaintiff has actually proven her allegations.

[5] Plaintiff states that she is asserting claims pursuant to the Federal Tort Claims Act. FAC at 3. None of the Officer Defendants, however, are federal governmental employees. As a result, the Court construes Plaintiff's claims as state law tort claims.

proximately caused emotional distress; and that the emotional distress was severe. *Van Tassel v. Ocean County*, No. 16-4761, 2017 WL 5565208, at *8 (D.N.J. Nov. 17, 2017). Plaintiff's allegations as to this tort are conclusory. Plaintiff fails to provide the necessary factual support demonstrating that any of the Defendants intended to cause emotional harm, that their conduct was extreme or outrageous, or that Plaintiff even suffered extreme emotional distress. Therefore, Plaintiff fails to state a claim for intentional infliction of emotional distress.

A claim for defamation requires a plaintiff to allege that a defendant "(1) made a false and defamatory statement concerning the plaintiff, (2) communicated the statement to a third party, and (3) had a sufficient degree of fault." *Mangan v. Corp. Synergies Grp., Inc.*, 834 F. Supp. 2d 199, 204 (D.N.J. 2011) (citing *Singer v. Beach Trading Co.*, 379 N.J. Super. 63, 80 (App. Div. 2005)). Under New Jersey law, "whether a statement is defamatory depends on 'its content, verifiability, and context.'" *Mangan*, 834 F. Supp. 2d at 204-05 (quoting *Lynch v. N.J. Educ. Assoc.*, 161 N.J. 152, 167 (1999)). Plaintiff fails to set forth any facts demonstrating that false statements were made to any third party. As a result, Plaintiff also fails to state a claim for defamation as to any of the Defendants.

Plaintiff also asserts a tort claim for harassment and assault, which the Court construes together as a claim for assault. "A person is subject to liability for the common law tort of assault if: '(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a conduct, and (b) the other is thereby put in such imminent apprehension.'" *Leang v. Jersey City Bd. of Educ.*, 198 N.J. 557, 591 (2009) (quoting *Wigginton v. Servidio*, 324 N.J. Super. 114, 129 (App. Div. 1999)). In addition, each of the incidents discussed in the FAC involves an arrest. A police officer may use reasonable force when making an arrest. However, "[w]here a police officer uses excessive force in effectuating

6

an arrest, that officer may be liable for assault and battery." *Hill v. Algor*, 85 F. Supp. 2d 391, 411 (D.N.J. 2000).

For the purposes of this screening, the Court concludes that Plaintiff sufficiently pleads an assault claim with respect to the July 10, 2017; November 3, 2017; and December 14, 2017 incidents.[6] On July 10, Plaintiff alleges that an unnamed police officer pushed her into an ambulance and that once in the ambulance, Officer Small touched her breast. On November 3, Plaintiff alleges that Officer Ortiz hit her on the bottom with a rod. Finally, on December 14, the FAC states that Officer Hetmanski forcibly restrained Plaintiff against the wall by her shoulder. Although the FAC does not contain many details, it is possible that this conduct constitutes harmful and offensive contact even though it occurred incident to an arrest. With respect to the May 3 incident, however, Plaintiff does not allege that any of the Defendants used force outside of handcuffing Plaintiff. And the FAC does not appear to allege that this force was in any way excessive. As a result, Plaintiff's assault claim is dismissed as to the May 3 incident.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court

---

[6] The Court's ruling as to Plaintiff's assault and § 1983 claims does not prejudice Defendants from litigating this matter as they see fit, including filing a motion to dismiss pursuant to Rule 12(b)(6). For example, at this stage, the Court is not delving into the New Jersey Tort Claims Act. And, again, so there is no confusion on Plaintiff's part, the Court is *not* finding that an assault actually occurred. Instead, the Court is merely ruling that Plaintiff has adequately alleged assault to proceed past screening.

7

cannot conclude that the tort claims it dismissed are futile. Therefore, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff is proceeding pursuant to a legal theory other than those discussed herein, she must set forth the basis for her claim and provide plausible factual allegations to support her claim. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against any present Defendant, concerning the allegations in the Complaint.

Accordingly, and for good cause shown,

IT IS on this 13th day of August, 2019,

**ORDERED** that Plaintiff's First Amended Complaint fails to state a claim for intentional infliction of emotional distress or defamation. Plaintiff also fails to state a claim for assault with respect to the May 3, 2017 incident; and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above. Failure to file an amended complaint within this time will result in the dismissal of these claims with prejudice; and it is further

**ORDERED** that the remaining claims in the First Amended Compliant may **PROCEED**; and it is further

**ORDERED** that the Clerk of the Court is directed to reopen this matter and file the First Amended Complaint (D.E. 9); and it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States[7]; and it is further

**ORDERED** that when serving Defendants with the aforementioned, a copy of the Court's Opinion and Order (D.E. 7), which dismissed certain counts and Defendants must also be served; and it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendants, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[8]; and it is further

---

[7] Alternatively, the U.S. Marshal may notify Defendants that an action has been commenced and request that Defendants waive personal service of a summons in accordance with FED. R. CIV. P. 4(d).

[8] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.

9

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff by certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.